Leonard W. Colby, plaintiff in error, v. J. J. Brown & Brother and others, defendants in error.

Injunction: judgment. B. and Bro. recovered judgments against G. and A. in the probate court of S. county in 1874, transcripts being filed in the district court of that county in 1877, and a sale of the real estate of G. and A. had thereunder in the year 1878, which sale was confirmed and a deed ordered. *Held*, That a stranger to the judgments who claimed to have become the owner of the land in question after the sale, could not enjoin the execution of a deed to the purchaser upon the ground that the judgments were void because the record failed to show service on the defendants.

Error to the district court for Saline county. Heard below before Weaver, J., on demurrer to the petition. Demurrer sustained and cause dismissed.

*Colby & Hazlett*, for plaintiff in error.

The petition shows that the defendants procured a judgment which was absolutely null and void, and had the same entered on the court records, without authority of law as a good and valid judgment, and have had executions issued thereon and levied upon plaintiff's property, and are harassing and vexing him by sales thereof, to his great and irreparable injury. These facts are sufficient to constitute a cause of action, and entitle plaintiff to relief by injunction. Hilliard on Injunctions, 190. Garrett v. Lynch, 45 Ala., 204. Gaines v. Haile, 26 Ark., 168 and 63. A person can enjoin a judgment who is not a party by having the execution, levy, and sale of his property restrained. *Jordan v. Williams*, 3 Rand., 501. *Strong v. Daniel*, 5 Ind., 348. *Shiff v. Carpreth*, 14 La. An., 801, 287, and 560. Hilliard on Injunctions, 247.

No appearance for defendant in error.

MAXWELL, CH. J.

In January, 1880, the plaintiff brought an action in the district court of Saline county to enjoin the sheriff of said county from executing a deed to Joseph Sutton for lots 1034 and 1035 in the town of Dewitt, previously sold by the sheriff to Sutton upon execution, and said sale confirmed and a deed ordered. The district court sustained a demurrer to the petition and dismissed the action. The plaintiff brings the cause into this court by petition in error.

The plaintiff alleges in his petition that on the twenty-fifth day of October, 1877, he became the owner of the lots in question, and has ever since retained possession of the same; that in the year 1874 the defendants J. J. Brown and Brother recovered two judgments, each for the sum of $357.40 and costs, against John Gilbert and J. H. Artist in the probate court of Saline county, which were null and void, because the records do not show that the court had jurisdiction of the persons of the defendants or of the subject matter of the action; that on the twenty-second day of March, 1877, Brown & Brother procured false and fraudulent transcripts of said judgments, and filed the same in the office of the clerk of the district court of said county, and on the first day of May, 1877, caused an execution to be issued thereon under which the lots in question were sold to Sutton, and the sale thereafter confirmed. It is also alleged that no title will pass by the sale, and that the deed will be a cloud upon the plaintiff's title.

It will be observed that the plaintiff claims to have become the owner of the lots in question after the sale of the same upon execution. He insists that the judgments are void because the record fails to show that service was had upon the defendants in that action; but

he was not a party to the judgments, and so far as appears is not in a position to question their validity. That Gilbert and Artist were justly indebted to Brown & Brother is not denied, and that judgments were obtained against them, under which their real estate was subjected to sale on execution, is admitted. Can a third party, having no interest in the property till after the sale, enjoin the purchaser from receiving a deed of the land purchased? We think not. The petition therefore fails to state a case for equitable relief, and the judgment of the district court must be affirmed.

JUDGMENT AFFIRMED.